IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL NO. 1:11-CV-1964** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **JERRY GOSS,** | : | |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is a report and recommendation by the magistrate judge to whom this matter was referred in which he recommends that the United States' motion for summary judgment be granted and that Goss's cross-motion for summary judgment be denied.  Objections to the report and recommendation were due no later than April 27, 2015.  On April 28, 2015, by facsimile to the Clerk of Court, Goss filed objections to the report and recommendation which also contains a request for a motion for a 90-day extension of time to pursue discovery and file additional objections.   For the reasons stated below, Goss's request for extension of time will be denied and the report and recommendation will be adopted.

## I.     __Background__

On October 21, 2011, the United States filed a complaint (Doc. 1) against Defendant Jerry Goss to collect on a defaulted student loan.  It is important to note that Goss does not dispute that he borrowed a substantial amount of student loans and that he has never paid the loans.  Goss maintains that he has no obligation to repay the loans because, at some point in time, the consolidation of his loans was mishandled or there were administrative errors and some unidentified individual told him that, until an alleged problem in processing of his loan consolidation was cleared, he did not have to pay on his loan.

## II.     __Discussion__

The magistrate judge has thoroughly set forth the background of this litigation, the standard of review in addressing motions for summary judgment, and the application of that standard to the facts of this case.  (Doc. 54.)  Thus, it will not be repeated herein.

The magistrate judge filed his report and recommendation on April 9, 2015.  Plaintiff filed his objections (Doc. 55) on April 28, 2015, one day late.  In his objections, Goss seeks an extension of 90 days so that he can engage in discovery to show that his accounts were not serviced properly and that he does not owe on his student loans.  The court notes that the deadline for discovery in this case was September 7, 2012 (Doc. 7).

This is not Goss's first request for an extension of time.  On March 2, 2015, Goss requested an extension of time to March 16, 2015 to file a reply brief to

his motion for summary judgment (Doc. 48).  He was granted the requested extension.  On March 16, 2015, Goss filed a request for another extension of time to March 23, 2015 to file his reply brief (Doc. 51).  He was granted the requested extension.  In these prior requests for extension of time, Goss states health reasons as the bases for the extensions, citing caring for his mother, foot pain, congestive heart failure, diabetes, arthritis (Doc. 48 at p. 3).  At no time since the expiration of discovery on September 7, 2012 has Goss requested an extension of time for discovery.  The United States made every effort to amicably resolve this case to no avail.  Goss has had three and one-half years to seek the discovery to support his defense of non-liability.  His request for an extension of time for discovery is untimely.

### III.     Conclusion

This court could not enhance the magistrate judge's observations and conclusions reached in the thorough and descriptive report in support of the recommendation, and thus will adopt the report and recommendation in its entirety.  Goss's request for additional discovery and an extension to file objections will be denied.  An appropriate order will be issued.

                                                              s/Sylvia H. Rambo
                                                              SYLVIA H. RAMBO
                                                              United States District Judge

Dated:  April 29, 2015.